## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **MLRG, INC.** | ) | **Chapter 11** |
| | ) | **Case No. 16-13634 KHK** |
| Debtor. | ) | |
| ——————————————— | ) | |
| | ) | |
| **THE NAVY LEAGUE BUILDING, LLC** | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | **Contested Matter** |
| | ) | |
| **MLRG, INC.** | ) | |
| | ) | |
| Respondent. | ) | |
| ——————————————— | | |

### <u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

**COMES NOW** The Navy League Building, LLC ("Movant" or "Navy League"),

by counsel, and hereby files this motion for relief from the automatic stay, pursuant to

Section 362(d) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the

"Bankruptcy Code"), for the purpose of exercising its contract and Virginia state law

rights with regard to commercial real property leased to MLRG, Inc. t/a Ray's the Steaks

("Respondent" or "Debtor"); and states as follows:

Christopher L. Rogan, Esquire (VSB #30344)
ROGANMILLERZIMMERMAN, PLLC
50 Catoctin Circle, NE, Suite 333
Leesburg, Virginia  20176
(703) 777-8850/Telephone
(703) 777-8854/Facsimile
*Counsel to Movant*

<u>Introduction</u>

1.      This Motion is brought as a contested matter, pursuant to Section

362(d)(1) and (2) of the Bankruptcy Code and Bankruptcy Rules 4001(a)(1) and 9014,

and Local Rule 4001(a)-1 and Exhibit 7 to such Local Rule.

2.      Jurisdiction and Venue are appropriate in this Court.

<u>Background and Facts</u>

3.      On December 12, 2006, Movant, as Landlord, and the Debtor, as Tenant,

entered into a *Deed of Lease* by which the Debtor leased certain real property known as

2300 Wilson Boulevard, Arlington, Virginia 22201 (the "Leased Premises")(the "Initial

Lease"). A true and accurate copy of the Initial Lease is attached hereto as <u>Exhibit A</u>.

The Initial Lease was amended by a *First Amendment to Deed of Lease*, dated December

13, 2006 (the "First Amendment") (<u>Exhibit B</u> hereto) and a *Second Amendment to Deed

of Lease*, dated July 27, 2016 (the "Second Amendment")(<u>Exhibit C</u> hereto).  The Second

Amendment provided for the extension of the lease term through September 30, 2027.

The Initial Lease, First Amendment and Second Amendment are collectively referred to

herein as the "Arlington Lease."

4.      The Debtor has utilized the Lease Premises as a restaurant known as

"Ray's the Steaks," from December 2006 (or shortly thereafter) through the present time.

5.      On October 25, 2016 (the "Petition Date"), the Debtor filed a voluntary

petition pursuant to chapter 11 of the Bankruptcy Code in this Court.

6.      The Arlington Lease was in effect on the Petition Date.

7.      On May 23, 2017, the Debtor filed a *Motion Pursuant to 11 U.S.C. 365 to

Reject and Assume Certain Executory Contracts, Effective Nunc Pro Tunc* (the "Lease

Assumption Motion") (Doc. 71), with respect to certain its commercial real property leases, including the Arlington Lease.

8.      By its Lease Assumption Motion, the Debtor sought approval of its assumption of the Arlington Lease, asserting that assumption of the was a vital and integral part of the Debtor's operations and necessary for the Debtor's reorganization. (Assumption Motion at paras. 7 – 9).

9.      On May 23, 2017, the Debtor also filed its proposed *Disclosure Statement and Plan of Reorganization*.  On September 26, 2017, the Debtor filed its *Revised Disclosure Statement and Plan of Reorganization* (the "Revised Plan")(Doc. 149).

10.      The Revised Plan provided for the assumption of the Arlington Lease (Revised Plan at Section 5(b)(i), pg. 15 and Section 2(b), pg. 21).

11.      On November 6, 2017, the Debtor achieved confirmation of the Revised Plan, by this Court's Order Confirming Debtor's Revised Chapter 11 Plan and Disclosure Statement ("Confirmation Order")(Doc. 176).

12.      The Debtor's chapter 11 proceeding has not yet been closed.

13.      The Debtor is continuing to conduct its business operations in the Leased Premises.

14.      On or about June 3, 2019, the Debtor publically announced that it was closing its Ray's the Steaks restaurant operating in the Leased Premises, effective June 15, 2019.

15.      The Debtor has been and continues to be in default under the terms of the Arlington Lease, due to its failure to pay rent as called for under the lease terms. Specifically, the Debtor has failed to pay the full amount of rent and other lease-related charges, beginning in January 2019.  As such, the total amount of post-confirmation/lease

3

assumption rent and other lease-related charges, through June 2019, is $122,897.40, plus late fees, collection costs or other charges due under the Arlington Lease. A statement of account, reflecting the amounts due is attached hereto as Exhibit D.

16.    The Debtor is in default of its payment obligations under Section 15.1(a)(2) of the Arlington Lease.

17.    Despite the Debtor's ongoing payment defaults, Movant has refrained from filing a motion for relief from stay and exercising its rights under the assumed Arlington Lease to give the Debtor an opportunity to cure the defaults, negotiate a sale of its restaurant operations or resolve the issues in some other manner.

18.    The Debtor is now also in anticipatory breach of its obligations under Section 15.1(a)(5) of the Arlington Lease which requires that the Debtor continuously operate its business as required by the lease.  If the Debtor does, in fact, cease operations on June 15, 2019, as it has announced, the Debtor will be in further default of its obligations under this section of the Arlington Lease.

19.    Pursuant to the terms of the Arlington Lease, Movant is entitled to terminate the Debtor's right to possession of the Leased Premises and to immediately recover possession of the property.

Argument

20.    As the Debtor's chapter 11 proceeding has not been closed or dismissed, Movant is stayed from exercising its rights under the Arlington Lease, pursuant to the terms of Section 362 of the Bankruptcy Code.

21.    By this Motion, the Debtor seeks relief from the automatic stay and the injunction imposed by the Revised Plan (Revised Plan at Section 10, pg. 29), to the extent applicable, for the purpose of exercising its rights under the Arlington Lease and

applicable Virginia law, including, without limitation, seeking immediate possession of the Leased Premises and a determination of lease damages.

22.    Cause exists to lift the automatic stay in this case, pursuant to 11 U.S.C. §362(d) as (a) the Debtor is in default of the terms of is confirmed Plan of Reorganization, (b) the Debtor is in default of the terms of its assumed commercial real property lease with Movant, and (c) Movant's interests in the Leased Premises is not adequately protected as the Debtor has not paid rent as required under the terms of the Arlington Lease, and, upon information and belief, does not have that current or anticipated ability to do so.

23.    Movant is an administrative creditor with respect to the delinquent rent and other lease-related charges as well as its damages resulting from the Debtor's default and/or termination of the Arlington Lease.  Movant seeks relief from the stay such that it can repossess the Leased Property and attempt to re-lease the property to its damages. This will have a direct and substantial positive impact on the Debtor's estate and creditors.

24.    As the Debtor has announced its intention to close the business currently operated in the Lease Premises, the Leased Premises can no longer be said to be necessary to the Debtor's successful reorganization in this case.

25.    Movant shall not seek to recover any lease damages other than through this Court, unless and until the Debtors bankruptcy proceeding is dismissed or the stay is otherwise terminated.

26.    As it is anticipated that the Debtor will have terminated business operations in the Lease Premises and possibly vacated the space by the time this Motion

is heard, Movant respectfully requests that the fourteen (14) day stay of the order on this

Motion, pursuant to Bankruptcy Rule 4001(a)(3) be waived.

27.     This Motion and Notice of the hearing hereon has been served upon the

Debtor, the Office of the U.S. Trustee and all creditors and other parties in interest.

WHEREFORE, based upon the foregoing, the Debtor respectfully requests entry

of an Order granting The Navy League Building, LLC, relief from the automatic stay, as

provided herein, and for such other and further relief as this Court deems just and proper.


Dated:  June 5, 2019                              Respectfully submitted,

                                                  The Navy League Building, LLC

                                                  By Counsel


Requested by

_____/s/ Christopher L. Rogan_____
Christopher L. Rogan, Esquire (VSB #30344)
ROGANMILLERZIMMERMAN, PLLC
50 Catoctin Circle, NE, Suite 333
Leesburg, Virginia  20176
(703) 777-8850/Telephone
(703) 777-8854/Facsimile
crogan@RMZLawFirm.com
*Counsel to Movant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2019, a copy of the foregoing Motion for Relief from Stay was served *via* email and the Court's ECF system on the following and on all parties requesting notice:

Office of US Trustee
Joseph A. Guzinski, Esq.
1725 Duke Street, Suite 650
Alexandria, VA 22314

Justin Fasano, Esq.
McNamee, Hosea, et al
6411 Ivy Lane
Greenbelt, MD  20770

All creditors, as listed on the attached mailing matrix, *via* First Class Mail, postage prepaid.

   /s/ Christopher L. Rogan
Christopher L. Rogan